Allen Cunningham and Alma Cunningham *vs.* Wilmington Ice Manufacturing Company, a corporation of the State of Delaware, Lewis W. Denney and Edwin C. Denny.

1.  Nuisance—"Nuisance" Defined.
    A "nuisance" is anything from which results harm, inconvenience, or damage, or which materially interferes with the enjoyment of rights or property.

2.  NUISANCE—NEGLIGENCE NOT AN ELEMENT.

In an action for nuisance, negligence is not a material element and need not be alleged or proved.

3.  NUISANCE—BUSINESS CREATING NOISES OR VIBRATIONS CONSTITUTES "NUISANCE."

The carrying on of a trade or business which creates distressing noises or vibrations, rendering the occupation of property in the vicinity unsafe and uncomfortable, is a nuisance.

4.  NUISANCE—MEASURE OF COMPENSATORY DAMAGES STATED.

The measure of compensatory damages for injuries to a house by vibrations caused by the operation of machinery is the amount it would have required immediately after the damage occurred to place the building in as good condition as it was before.

5.  NUISANCE—EXEMPLARY DAMAGES RECOVERABLE ON PROOF OF MALICE.

Before exemplary damages for a nuisance can be awarded, the injury complained of must be shown to have been committed maliciously or willfully and wantonly.

(*June* 1, 1923.)

RICE and RODNEY, J. J., sitting.
*David J. Reinhardt* for plaintiffs.
*Robert G. Harman* for defendants.

Superior Court for New Castle County, May Term, 1923.

Summons case, No. 164, September Term, 1922.

This is an action on the case for the maintenance of a nuisance brought by Allen Cunningham and Alma Cunningham, his wife, against the Wilmington Ice Manufacturing Company (a corporation of the State of Delaware), Lewis W. Denney and Edwin C. Denney, to recover damages for injuries alleged to have been done to plaintiffs' two story brick dwelling house, by the vibrations of certain machinery in an ice-making plant owned and operated by the defendants in the City of Wilmington and adjacent to the property of the plaintiffs.

RODNEY, J., charging the jury:

[1]  A nuisance is generally defined to be anything from which results harm, inconvenience or damage, or which materially interferes with the enjoyment of rights or property. That which affects the rights of the citizen as a member of the community,

rights which belong to all of us as citizens of our respective communities, is a public nuisance; while something which interferes with the rights or causes annoyance or damage to the property of a particular person is a private nuisance.

[2] Every action for a nuisance is based on the wrongful act of the defendant in creating or maintaining it, and negligence is not a material element in such an action, and, therefore, need not be alleged or proved.

In an action to recover compensatory damages, claimed to have resulted from a nuisance created or maintained by the defendants, it is not necessary to prove that they maliciously or with intention did injury or damage to the rights or property of the plaintiffs; the mere fact that they maintained a nuisance from which injury or damage resulted being sufficient.

[3] No definite rule of law can be stated to cover all cases of this character, but each must depend upon the particular circumstances connected therewith. It is an old legal maxim, and now well settled in our law, that every man is bound to use his own property in such a manner as not to injure the property of another, or the reasonable or proper enjoyment of it; and the carrying on of a trade or business which creates distressing noises or vibrations, rendering the occupation of property in the vicinity unsafe and uncomfortable, is a nuisance, for which the person whose property is damaged may maintain an action and recover compensation for any injury.

Where the evidence is conflicting, as it is in this case, it is the duty of the jury to consider it and to give credit to that part which they think is entitled to credit and disregard such as they think is not entitled to credit. In doing that, you may take into consideration the interest or bias of the witnesses, if any, and the opportunities which they had to gain knowledge of the facts about which they have testified upon the witness stand.

Your verdict should be for that party in whose favor is the preponderance or greater weight of the evidence.

If you believe that the engine maintained and operated by the defendants in their icemaking plant on Harrison Street was a nui-

sance and was responsible for the injury to plaintiffs' property, your verdict should be for the plaintiffs.

But if you should believe that the engine maintained and operated by the defendants in the said ice-making plant was not the cause of the damage to the plaintiffs' property, your verdict should be for the defendants.

[4] If your verdict should be for the plaintiffs you should allow them such an amount as you decide from the evidence it would have required, immediately after the damage occurred, to place the building in as good condition as it was before the damage was sustained.

In this case, however, the plaintiffs seek to recover not only compensatory damages, which means compensation or recompense for the injury sustained, but they also claim what is known in law as exemplary or punitive damages, which means damages given so as to make an example, or given as punishment for the wrong done.

In actions of this kind both kinds of damages may be awarded if in the judgment of the jury the testimony warrants them in so doing.

[5] But we would say to you that before awarding to the plaintiffs exemplary or punitive damages you must be satisfied from the testimony that the injury complained of was not only committed by the defendants, and was wrongful and unlawful, but that it was also malicious or willful and wanton in its character or knowingly inflicted after the effect of their injurious acts had been brought to their attention.

(Ed.) See also *Dilucehio v. Shaw,* 1 W. W. Harr. (31 *Del.*) 509, 115 *Atl.* 771..