**ELLIOTT v. MUEHLBACH**

[173 N.C. App. 709 (2005)]

No error in the trial.

Remanded for resentencing.

Judges BRYANT and GEER concur.

———

MARK AND BETSEY ELLIOTT, KIM AND LEWIS CARAGANIS, WAYNE THORN AND ROBIN WHITTEN, JOEY HOWELL AND LISA NEAL, PAT WESLEY AND DAVID GREEN, PLAINTIFFS v. JAMES AND MARY MUEHLBACH, DEFENDANTS

No. COA04-1128

(Filed 18 October 2005)

**1. Nuisance— per accidens—findings of fact—reasonableness**

The trial court erred in a nuisance case by concluding its findings of fact adequately supported its conclusion of law that defendants' racetrack constitutes a nuisance per accidens, and the case is remanded for further findings of fact, because the trial court's findings of fact do not acknowledge the distinction between a reasonable person in plaintiffs' or defendants' position and reasonable persons generally looking at the whole situation impartially and objectively.

**2. Nuisance— per accidens—findings of fact—substantiality of injury**

The trial court did not err in a nuisance case by its findings of fact regarding the substantiality of the injury, and the findings are supported by competent evidence because: (1) plaintiffs' testimony and exhibits provide ample support for the trial court's findings; and (2) factors including the objective measurement of the sound generated by ATVs operated on the track, the failure of plaintiffs to offer testimony from disinterested or impartial witnesses, and defendants' characterization of plaintiffs' testimony as exaggerated all relate to the credibility and weight to be afforded the testimony which must be resolved by the trial court and are not a basis for overturning a finding of fact.

**3. Evidence— acoustics—expert testimony—motion to strike**

The trial court did not abuse its discretion in a nuisance case by denying defendants' motion to strike the testimony of plaintiffs' expert witness in acoustics and noise control, because: (1)

defendants' objection based on N.C.G.S. § 8C-1, Rule 602 is without merit; and (2) defendants have made no showing and presented no argument suggesting that the information relied upon by the expert was an inadequate basis under N.C.G.S. § 8C-1, Rule 703 for the expert's opinion.

Appeal by defendants from judgment entered 22 December 2003 by Judge Ronald L. Stephens in Chatham County Superior Court. Heard in the Court of Appeals 24 March 2005.

*Poyner & Spruill, LLP, by Keith H. Johnson, for plaintiffs-appellees.*

*Stark Law Group, PLLC, by Thomas H. Stark and W. Russell Congleton, for defendants-appellants.*

GEER, Judge.

Plaintiffs Mark and Betsey Elliott, Kim and Lewis Caraganis, Wayne Thorn and Robin Whitten, Joey Howell and Lisa Neal, and Pat Wesley and David Green, brought suit against defendants James and Mary Muehlbach, alleging that defendants' construction and use of a racetrack for all terrain vehicles ("ATVs") on defendants' property constituted a nuisance. Defendants appeal from the trial court's order granting a permanent injunction prohibiting defendants' operation of the racetrack. Because we hold that the trial court's order failed to make sufficient findings of fact to support its conclusion that the track was a nuisance *per accidens*, we reverse and remand for additional findings of fact.

## Facts

The trial court made the following findings of fact that have not been challenged on appeal. The parties to this action all live on multiple-acre tracts of land in an unzoned rural area in Chatham County. As of 2001, each of the plaintiffs had lived in their homes for at least nine years. They were attracted to the area because of the relative peace and quiet, seclusion, and isolation.

Defendants' son rode ATVs in the area for a number of years and, in approximately 1998, began competing in ATV races. At the time of the trial, he had become a professional ATV racer. In late 2001, defendants constructed a dirt racetrack on their property. The track, which took up approximately three cleared acres of defendants' property, had both an outer loop and an inner loop, with the outer

**ELLIOTT v. MUEHLBACH**

[173 N.C. App. 709 (2005)]

loop measuring approximately 1/5 to 1/4 of a mile in distance. In November 2001, defendants also obtained a building permit to construct a 16 by 20 foot building with restrooms next to the track. The permit was for a business with an "open air arena" for up to 50 spectators, with parking for up to 50 vehicles. Only the foundation for the building had been built at the time of trial and defendants indicated that they had abandoned the building project. The permits, however, remain in effect.

Although the track had not been fully completed, defendants began to run ATVs on the track in early December 2001. Plaintiffs filed suit on 5 November 2002, alleging claims for nuisance and trespass and seeking an injunction against use of the racetrack. The trial court issued a preliminary injunction on 26 January 2003, pending resolution of the lawsuit. On 22 December 2003, following a bench trial, the trial court entered a final judgment concluding "that the Defendant[s'] use of the Track and operation of ATVs and testing of ATVs . . . on the Track constitutes a private nuisance per accidens in fact." The court further concluded "that the only reasonable and sure means for eliminating the nuisance caused by use of the Track is to ban its use entirely by any ATV vehicle, whether 2 wheel, 3 wheel, or 4 wheel." The court, therefore, entered a permanent injunction barring defendants from operating or allowing others to operate any ATV on the track or from constructing a new track or similar facility on their property. Defendants have appealed from the trial court's decision.

## Discussion

" 'It is well settled in this jurisdiction that when the trial court sits without a jury, the standard of review on appeal is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts.' " *Keel v. Private Bus., Inc.*, 163 N.C. App. 703, 707, 594 S.E.2d 796, 799 (2004) (quoting *Shear v. Stevens Bldg. Co.*, 107 N.C. App. 154, 160, 418 S.E.2d 841, 845 (1992)). We reject defendants' suggestion that we apply a different standard of review that would permit us to substitute our own view of the facts.

Private nuisances are either nuisances *per se* or nuisances *per accidens*:

A nuisance *per se* or at law is an act, occupation, or structure which is a nuisance at all times and under any circumstances,

ELLIOTT v. MUEHLBACH

[173 N.C. App. 709 (2005)]

regardless of location or surroundings. Nuisances *per accidens* or in fact are those which become nuisances by reason of their location, or by reason of the manner in which they are constructed, maintained, or operated.

*Morgan v. High Penn Oil Co.*, 238 N.C. 185, 191, 77 S.E.2d 682, 687 (1953) (internal citations omitted). "A person who intentionally creates or maintains a private nuisance is liable for the resulting injury to others regardless of the degree of care or skill exercised by him to avoid such injury." *Id.* at 194, 77 S.E.2d at 689.

In this case, plaintiffs contended and the trial court concluded that defendants' ATV track was a private nuisance *per accidens*. *See Hooks v. Int'l Speedways, Inc.*, 263 N.C. 686, 690, 140 S.E.2d 387, 390 (1965) ("A race track is not a nuisance *per se*. But its operation may, under certain circumstances, be a nuisance *per accidens*, *i.e.*, a nuisance in fact."). In *Watts v. Pama Mfg. Co.*, 256 N.C. 611, 618, 124 S.E.2d 809, 814 (1962), the Supreme Court held that in order to establish a *prima facie* case of nuisance *per accidens*, a plaintiff must prove: (1) that the defendant's use of its property, under the circumstances, unreasonably invaded or interfered with the plaintiff's use and enjoyment of the plaintiff's property; and (2) because of the unreasonable invasion or interference, the plaintiff suffered substantial injury. *See also Whiteside Estates, Inc. v. Highlands Cove, L.L.C.*, 146 N.C. App. 449, 456, 553 S.E.2d 431, 437 (2001) ("Once plaintiff establishes that the invasion or intrusion is unreasonable, plaintiff must prove the invasion caused substantial injury to its property interest."), *disc. review denied*, 356 N.C. 315, 571 S.E.2d 220 (2002).

[1] Defendants first contend that the trial court's findings of fact fail to properly address the first element. In *Watts*, our Supreme Court stressed that the proper focus with respect to the reasonableness of the interference is "not whether a reasonable person in plaintiffs' or defendant's position would regard the invasion as unreasonable, but whether reasonable persons generally, looking at the whole situation impartially and objectively, would consider it unreasonable." *Watts*, 256 N.C. at 618, 124 S.E.2d at 814. The Court added: "Regard must be had not only for the interests of the person harmed but also for the interests of the defendant, and for the interests of the community." *Id.* After acknowledging that what is reasonable in one locality and in one set of circumstances may be unreasonable in another, the Court held:

ELLIOTT v. MUEHLBACH

[173 N.C. App. 709 (2005)]

The circumstances *which are to be considered by [the factfinder]* in determining whether or not defendant's conduct is unreasonable include: the surroundings and conditions under which defendant's conduct is maintained, the character of the neighborhood, the nature, utility and social value of defendant's operation, the nature, utility and social value of plaintiffs' use and enjoyment which have been invaded, the suitability of the locality for defendant's operation, the suitability of the locality for the use plaintiffs make of their property, the extent, nature and frequency of the harm to plaintiffs' interest, priority of occupation as between the parties, and other considerations arising upon the evidence.

*Id.* (emphasis added). While no single factor is decisive, "all the circumstances in the particular case must be considered." *Id.*

Defendants argue that the trial court's findings of fact do not acknowledge the distinction between "a reasonable person in plaintiffs' or defendant's position" and "reasonable persons generally, looking at the whole situation impartially and objectively," as required by *Watts. Id.* We agree with defendants.

The trial court made only one finding of fact regarding the reasonableness inquiry: "The operation of ATVs on the Track, the Defendant's [sic] operation and testing of Racing ATVs on the Track and any running of any ATV type vehicle on the Track has on multiple occasions, substantially and unreasonably interfered with the plaintiffs us [sic] and enjoyment of their properties . . . ." The trial court never made a finding on the question "whether reasonable persons generally, looking at the whole situation impartially and objectively, would consider it unreasonable." *Id.* The order focused only on the reasonableness from the perspective of the plaintiffs rather than on the broader issue mandated by *Watts.* While the trial court made findings of fact on some of the circumstances identified by the *Watts* Court, other pertinent circumstances were omitted.

We are, therefore, compelled to hold that the trial court's order contains insufficient findings of fact to support its conclusion of law. In light of this holding, we remand this case to the trial court for additional findings on the reasonableness issue as defined by *Watts*, including the circumstances pertinent to that issue set forth in *Watts* or arising out of the evidence.

[2] With respect to the second element of nuisance *per accidens*— the substantiality of the injury—the Court in *Watts* held:

> By substantial invasion is meant an invasion that involves more than slight inconvenience or petty annoyance. The law does not concern itself with trifles. Practically all human activities, unless carried on in a wilderness, interfere to some extent with others or involve some risk of interference, and these interferences range from mere trifling annoyances to serious harms. Each individual in a community must put up with a certain amount of annoyance, inconvenience or interference, and must take a certain amount of risk in order that all may get on together. But if one makes an unreasonable use of his property and thereby causes another substantial harm in the use and enjoyment of his, the former is liable for the injury inflicted.

*Id.* at 619, 124 S.E.2d at 815. Defendants do not dispute that the trial court made the necessary findings of fact, but contend that those findings are not supported by competent evidence. We disagree.

Plaintiffs' testimony and exhibits provide ample support for the trial court's findings of fact. Defendants, however, contend that the findings are unsupported because of the lack of any "objective measurement of the sound generated by ATVs operating on the track," the failure of plaintiffs to offer testimony from disinterested or impartial witnesses, and defendants' characterization of plaintiffs' testimony as exaggerated. These factors all relate to the credibility and weight to be afforded the testimony. Such questions must be resolved by the trial court and are not a basis for overturning a finding of fact. *Cartin v. Harrison*, 151 N.C. App. 697, 703, 567 S.E.2d 174, 178, *disc. review denied*, 356 N.C. 434, 572 S.E.2d 428 (2002). We, therefore, overrule defendants' assignments of error contending that the trial court's findings of fact are not supported by competent evidence.

[3] Finally, defendants assign error to the trial court's denial of their motion to strike the testimony of plaintiffs' expert witness, Dr. Noral Stewart. Dr. Stewart is an expert in acoustics and noise control and in community and environmental noise. He testified about the topography of the plaintiffs' and defendants' rural property and how it might affect the sounds emanating from defendants' track. He also offered opinions that the engine noise from the track would constitute the "dominant" sound in the neighborhood, that the nature of that sound could cause substantial annoyance to neighbors regardless of the decibel level, and that no controls could be implemented that would prevent the track from being the dominant noise source.

**ELLIOTT v. MUEHLBACH**

[173 N.C. App. 709 (2005)]

A trial court's ruling on the admissibility of an expert's opinion will not be reversed on appeal absent a showing of abuse of discretion. *Howerton v. Arai Helmet, Ltd.*, 358 N.C. 440, 458, 597 S.E.2d 674, 686 (2004). "[U]nder North Carolina law, a trial court that is considering whether to admit proffered expert testimony pursuant to North Carolina Rule of Evidence 702 must conduct a three-step inquiry to determine: (1) whether the expert's proffered method of proof is reliable, (2) whether the witness presenting the evidence qualifies as an expert in that area, and (3) whether the evidence is relevant." *State v. Morgan*, 359 N.C. 131, 160, 604 S.E.2d 886, 903-04 (2004) (citing *Howerton*, 358 N.C. at 458, 597 S.E.2d at 686), *cert. denied,* —— U.S. ——, 163 L. Ed. 2d 79, 126 S. Ct. 47 (2005).

On appeal, defendants do not address *Howerton* or *Morgan*. Nor do they cite any case law authority to support their contention that Dr. Stewart's testimony was inadmissible. They instead rely only on a general citation to Rules 602 and 703 of the North Carolina Rules of Evidence. Rule 602 provides that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter." As this Court has previously pointed out, "[i]t is well settled that an expert witness need not testify from firsthand personal knowledge, so long as the basis for the expert's opinion is available in the record or on demand." *State v. Purdie*, 93 N.C. App. 269, 276, 377 S.E.2d 789, 793 (1989). *See also State v. McCall*, 162 N.C. App. 64, 72, 589 S.E.2d 896, 901 (2004) ("The fact that Vaughn's expert testimony . . . was based on information related to her by a third party does not affect the admissibility of her opinion, but instead goes to the weight of the evidence."). Defendants' objection based on Rule 602 is, therefore, without merit.

With respect to Rule 703, defendants argue that Dr. Stewart's testimony should have been excluded because Dr. Stewart admitted that he had not personally heard any of the sounds emanating from the track or heard defendants' ATVs in operation and he had not measured their decibel levels. Rule 703 requires only that the facts or data upon which an expert bases his opinion be "of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject." N.C.R. Evid. 703. Dr. Stewart testified that he viewed the racetrack (although not while it was in use); reviewed aerial photos and topographical maps of the area; listened to recordings of the sound generated by the ATVs; and discussed the racetrack noise with several of the plaintiffs. Defendants have made

no showing and presented no argument suggesting that this information was an inadequate basis under Rule 703 for Dr. Stewart's opinions. Without such a showing, defendants' arguments represent only "lingering questions or controversy concerning the quality of the expert's conclusions [and] go to the weight of the testimony rather than its admissibility." *Howerton*, 358 N.C. at 461, 597 S.E.2d at 688. The trial court, therefore, did not err in denying defendants' motion to strike Dr. Stewart's testimony.

### Conclusion

We hold that the trial court did not err in admitting Dr. Stewart's testimony and defendants have pointed to no other possible trial error. We further hold that the trial court's findings of fact appealed by defendants are supported by competent evidence, but that the trial court's findings are inadequate to support its conclusion of law that defendants' racetrack constitutes a nuisance *per accidens*. Accordingly, we reverse and remand for further findings of fact.

Reversed and remanded.

Judges TIMMONS-GOODSON and CALABRIA concur.