MANN CONTR'RS, INC. v. FLAIR WITH GOLDSMITH CONSULTANTS-II, INC.

[135 N.C. App. 772 (1999)]

MANN CONTRACTORS, INC. v. FLAIR WITH GOLDSMITH CONSULTANTS-II, INC.

No. COA98-1549

(Filed 7 December 1999)

### 1. Damages and Remedies— breach of contract

The trial court's decision must be remanded since it erred in a non-jury breach of contract trial by concluding plaintiff is entitled to recover damages of $36,000, based on the finding of fact that plaintiff had carried its burden of proof only as to the amount which it claimed was due by reason of changes mandated by the government officials of Guilford County, because the trial court failed to address the factual dispute with respect to the necessity or the cost of the required changes.

### 2. Appeal and Error— appealability—cross-assignment of error versus cross-appeal

In a non-jury breach of contract case, plaintiff improperly cross-assigned error to the trial court's findings that the written contract was not properly executed and that plaintiff failed to carry its burden of proof with respect to the amount of damages for changes other than those prescribed by government officials because neither of the cross-assignments would provide an alternative basis for upholding the $36,000 judgment as required by N.C. R. App. P. 10(d), and therefore, plaintiff should have cross-appealed from the judgment.

Appeal by defendant from judgment entered 7 August 1998 by Judge Charles Lamm in Mecklenburg County Superior Court. Heard in the Court of Appeals 20 September 1999.

*Harkey, Lambeth, Nystrom, Fiorella & Morrison, L.L.P, by Philip D. Lambeth, for plaintiff-appellee.*

*James, McElroy & Diehl, P.A., by William K. Diehl, Jr., Richard B. Fennell, Paul P. Browne and John R. Buric, for defendant-appellant.*

MARTIN, Judge.

Plaintiff Mann Contractors, Inc., brought this action to recover monies allegedly owed by reason of an alleged contract with defendant Flair with Goldsmith Consultants-II to construct improvements

MANN CONTR'RS, INC. v. FLAIR WITH GOLDSMITH CONSULTANTS-II, INC.

[135 N.C. App. 772 (1999)]

upon property owned by defendant in Greensboro, N.C. In its amended complaint, plaintiff alleged that it had fully performed its obligations under the contract and that it was owed a balance of at least $80,000 for the work. Defendant answered, denying that it had entered into the contract, denying that plaintiff had performed the work required by the contract, and, alternatively, alleging that it had paid plaintiff in full for all of the work done by plaintiff. By counterclaim, defendant asserted that plaintiff had "wrongfully and negligently failed in the performance of" the renovations to defendant's property in a number of respects, resulting in damages to defendant exceeding $10,000.

Neither party having requested a jury trial, the case was heard by Judge Lamm sitting without a jury. After hearing the evidence, the trial court found facts as follows:

1. This Court has jurisdiction over the parties and the subject matter of this case, and the case is properly before the Court.

2. Although the written contract introduced by the Plaintiff has not been properly executed, it is the document under which the parties proceeded and to which by their conduct they have agreed to be bound.

3. The contract between the parties provided that the Plaintiff was to perform upfitting of the Defendant's gym facility in Greensboro, North Carolina for a contract price of $246,850.00, together with the cost, plus ten (10%) per cent [sic], of any change orders and overages.

4. The contract also provided that all unpaid balances would bear interest at the rate of 1 and 1/2% per month, or 18% per annum.

5. The Plaintiff presented evidence and contended that it was entitled to recover from the Defendant damages in the sum of $140,969.02, plus interest. The Defendant presented evidence and contended that the Plaintiff was entitled to recover nothing from the Defendant.

6. The Defendant has failed to pay all sums due the Plaintiff under the contract. However, the Plaintiff has failed to carry its burden of proof as to the amount of claimed change orders and overages except regarding those changes mandated by the governmental officials of Guilford County.

MANN CONTR'RS, INC. v. FLAIR WITH GOLDSMITH CONSULTANTS-II, INC.

[135 N.C. App. 772 (1999)]

7. The Defendant failed to present evidence in support of its counterclaim against the Plaintiff.

Based upon those findings of fact, the trial court made the following conclusions of law:

1. The Defendant has breached its contract with the Plaintiff.

2. The Plaintiff is entitled to recover from the Defendant damages in the amount of $36,000.00, together with interest thereon at the rate of eighteen (18%) per cent [sic] per annum from July 14, 1998 until the date of this judgment, and at the legal rate thereafter.

3. The Defendant's counterclaim should be dismissed for lack of evidence in support thereof.

The trial court entered judgment in favor of plaintiff in the amount of $36,000, plus interest at 18% from 14 July 1998 until the date of the judgment, 6 August 1998, and at the legal rate thereafter, and dismissed defendant's counterclaim. Defendant gave notice of appeal.

On 20 October 1998, upon motion of plaintiff asserting a clerical error in the judgment, Judge Patti amended the judgment to provide that the principal amount of the judgment was to bear interest at 18% from 14 July 1994 until 6 August 1998, and then at the legal rate. Defendant also gave notice of appeal from that order.

[1] On appeal, defendant asserts that the trial court's second conclusion of law is not supported by its findings of fact. When the parties waive a jury, the trial judge functions in the dual capacity of judge and jury. *Reid v. Johnston*, 241 N.C. 201, 85 S.E.2d 114 (1954). As such, the judge is required to find the facts on all issues raised by the pleadings, state separately its conclusions of law drawn from the facts found, and enter its judgment. N.C. Gen. Stat. § 1A-1, Rule 52(a)(1); *Coggins v. City of Asheville*, 278 N.C. 428, 180 S.E.2d 149 (1971). Rule 52(a)(1) does not require the trial court to recite all of the evidentiary facts; it is required only to find the ultimate facts, i.e., those specific material facts which are determinative of the questions involved in the action and from which an appellate court can determine whether the findings are supported by the evidence and, in turn, support the conclusions of law reached by the trial court. *Farmers Bank v. Brown Distributors, Inc.*, 307 N.C. 342, 298 S.E.2d 357 (1983).

MANN CONTR'RS, INC. v. FLAIR WITH GOLDSMITH CONSULTANTS-II, INC.

[135 N.C. App. 772 (1999)]

The purpose of the requirement that the court make findings of those specific facts which support its ultimate disposition of the case is to allow a reviewing court to determine from the record whether the judgment—and the legal conclusions which underlie it—represent a correct application of the law.

*Id.* at 347, 298 S.E.2d at 360 (quoting *Coble v. Coble*, 300 N.C. 708, 268 S.E.2d 185 (1980)). The trial court's findings have the force of a jury verdict if they are supported by competent evidence even though there may be evidence which would support findings to the contrary, *Williams v. Pilot Life Insurance Company*, 288 N.C. 338, 218 S.E.2d 368 (1975), but where there is conflicting evidence, the failure of the trial court to make specific findings upon which to base its conclusions is reversible error. The conclusions of law drawn by the trial court from its findings of fact are fully reviewable *de novo* by the appellate court. *Humphries v. City of Jacksonville*, 300 N.C. 186, 265 S.E.2d 189 (1980).

In this case, the facts found by the trial court do not support its conclusion that plaintiff is entitled to recover damages of $36,000. The trial court found that plaintiff had carried its burden of proof only as to the amount which it claimed was due by reason of "changes mandated by the government officials of Guilford County." The evidence was conflicting with respect to the cost of changes necessitated by the Guilford County inspectors' alleged enforcement of more stringent fire and building code requirements than had been anticipated by the contract; neither party contended for the figure which the trial court ultimately concluded plaintiff was entitled to recover. Yet the trial court's findings did not address the factual dispute with respect to either the necessity or the cost of those changes, rendering impossible appellate review of the reasoning process by which the trial court reached its conclusion as to the damages due plaintiff. Therefore, we must remand this case for a new trial on the issue of what amount, if any, plaintiff is entitled to recover from defendant for "changes mandated by the government officials of Guilford County."

[2] Plaintiff attempts to argue, by purported cross-assignments of error, that the trial court erred in its second finding of fact that the written contract was not properly executed, and in its sixth finding of fact that plaintiff had failed to carry its burden of proof with respect to the amount of damages it was entitled to recover for changes other than those prescribed by government officials. N.C.R. App. P. 10(d)

provides that "an appellee may cross-assign as error any action or omission of the trial court . . . which deprived the appellee of an alternative basis in law for supporting the judgment . . . from which an appeal has been taken. Neither of the cross-assignments of error brought forward in plaintiff-appellee's brief, if sustained, would provide an alternative basis for upholding the $36,000 judgment in this case. In order to properly present the alleged errors for appellate review, plaintiff should have cross-appealed from the trial court's judgment. See *Cox v. Robert C. Rhein Interest, Inc.*, 100 N.C. App. 584, 397 S.E.2d 358 (1990); *Stanback v. Westchester Fire Ins. Co.*, 68 N.C. App. 107, 314 S.E.2d 775 (1984).

We deem it unnecessary to address defendant's remaining assignments of error. The judgment awarding plaintiff damages in the amount of $36,000 is reversed and this case is remanded for further proceedings in accordance with this opinion.

Reversed and remanded.

Chief Judge EAGLES and Judge TIMMONS-GOODSON concur.