ELMORE, Judge.
This case began in the Small Claims Division of the Mecklenberg County District Court. In a subsequent trial de novo, the district court ordered Ana Maria Romero-Baeza (defendant) to pay Michael Mehrizi (plaintiff) the sum of $2,600.00 for the cost of certain repairs. For the foregoing reasons, we remand the decision of the district court for a new trial.
Plaintiff is the owner of a two-bedroom house which he leased to defendant beginning in May 2002. Defendant and several of her family members occupied the house from May 2002 through May of the following year. Two weeks before the end of the lease term, plaintiff filed a Complaint in Summary Ejectment in the Small Claims Division of the Mecklenburg County District Court alleging that defendant failed to pay rent. Plaintiff also alleged that criminal activity in violation of N.C. Gen. Stat. § 42-63 had occurred on the premises. As part of her response, defendant filed a counterclaim against plaintiff for failure to provide a safe and livable environment, in violation of N.C. Gen. Stat. § 42-42 (requiring landlord to maintain and repair whatever is necessary to keep premises in fit and habitable condition). The magistrate ordered that plaintiff be put in possession of the premises in accordance with his complaint. The magistrate ruled in favor of defendant on her counterclaim as well, awarding her $2,800.00. Plaintiff then appealed to the district court, and defendant vacated the house on 31 May 2003.
The district court held a trial de novo pursuant to N.C. Gen. Stat. § 7A-228(a) (2003), which states "[a]fter final disposition before [a] magistrate, the sole remedy for an aggrieved party is an appeal for trial de novo before a district court judge or jury." Id. Defendant appeared pro se and communicated through an interpreter. Both parties testified, presented evidence, and called witnesses. Following a bench trial on the issues, the court's judgment contains only two substantive findings:
3. This case was called for trial as calendared and both Plaintiff and Defendant appeared and testified concerning both Plaintiff's claim for past due rent and damage to the premises and Defendant's counterclaim for failure of the landlord to provide a safe and livable environment.
4. And it appearing to the Court that the landlord did provide a safe and habitable premises, but that Defendant failed to pay rent in a timely manner and damaged the premises as shown through the testimony of the parties and the various documentary exhibits admitted into evidence.
Based on these "findings," the trial court ordered that:
[t]he magistrate's decision is reversed and the Plaintiff have and recover of the Defendant the sum of $2,600.00 and that Defendant recover nothing of the Plaintiff on Defendant's counterclaim.
Defendant now appeals.
Defendant argues that the trial court's final judgment violates N.C. Gen. Stat. § 1A-1, Rule 52 (a)(1). Specifically, defendant contends that the trial court failed to supply the factual findings necessary to conclude that a) "[plaintiff] did provide a safe and habitable premises" and b) "defendant failed to pay rent in a timely manner," which should have been explicitly stated in the order. We agree.
N.C. Gen. Stat. § 1A-1, Rule 52 (a)(1)(2003) states, " [i]n all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct entry of the appropriate judgment. " Id. This court has interpreted Rule 52 (a)(1) to require a judge in a bench trial to "find the facts [raised in] all issues raised by the pleadings, state separately its conclusions of law drawn from the facts found, and enter its judgment." Mann Contr'rs., Inc. v. Flair with Goldsmith Consultants-II, Inc., 135 N.C. App. 772, 774, 522 S.E.2d 118, 120 (1999). Although Rule 52(a)(1) does not require a full statement of all evidentiary facts involved, it does require the trial court to find "the ultimate facts, i.e., those specific material facts which are determinative of the questions involved in the action and from which an appellate court can determine whether the findings are supported by the evidence and, in turn, support the conclusions of law reached by the trial court." Id.
Here, plaintiff suggests the following statement from the court's judgment complies with the dictates of Rule 52(a)(1): "[a]nd it appearing to the Court that the landlord did provide a safe and habitable premises, but that Defendant failed to pay rent in a timely manner and damaged the premises as shown through the testimony of the parties and the various documentary exhibits admitted into evidence." We cannot agree; this judgment fails to comply with Rule 52(a)(1) and in fact reads more like a brief synopsis of what happened at trial. See In re Anderson, 151 N.C. App. 94, 97, 564 S.E. 2d 599, 602 (2002) (Factual findings must be "more than a recitation of the allegations.").
First, there is no indication as to whether the above statement is a finding which merely reads like a conclusion of law or if this statement is the conclusion of law and there are no real findings. With no distinction between findings and conclusions this Court cannot determine whether the judgment is properly linked. See Mann Contr'rs., Inc., 135 N.C. App. at 774, 522 S.E.2d at 120. There is no indication as to what testimony the court relied on, which exhibits and testimony were reviewed, or how thetrial court linked the evidence to the conclusion that plaintiff prevails. Further, there is no explanation of how any damages incurred by defendant relate to whether or not plaintiff provided a safe and habitable environment, nor is there any way to determine to what extent these facts may have factored into plaintiff's award. See Patton v. Patton, 318 N.C. 404, 407, 348 S.E.2d 593, 595 (1986) (holding that a finding of fact that which is "merely an enumeration of the factors considered by a trial court" is insufficient to support a judgment). At the very least, compliance with Rule 52(a)(1) requires more than one "finding" to dispose of two wholly independent claims; and without proper specificity, it is almost impossible for an appellate court to carry out its task of determining whether proper legal reasoning was implemented. See id.; Coble v. Coble, 300 N.C. 708, 714, 268 S.E.2d 185, 190 (1980).
Second, the trial court's judgment and award as written, although in agreement with the outcome announced at trial, does not comport with the court's oral rationale for the award.
All right, I'm going to find for the plaintiff in the amount of . . . $2,600.00. That's the carpet and floor repair and the cabinet repair. So I'll enter a judgment for the plaintiff in the amount of $2,600.00 plus cost, and the remaining part is offset by the condition of the premises. I'm not going to find for the plaintiff as to the smell and the windows and the paint, which were the other items that the gentleman who did the repairs testified about.
The oral judgment was not based on any determination of past rent, as in the written judgment, since prior to the close of trial plaintiff's counsel agreed with the court that no rent was owed. Further still, the court orally determined the award to plaintiff was "offset" by the poor condition of the premises. Both counsel's briefs dispute what offset means in the context of the judgment and both are speculating. There are no findings, looking either to the transcript or record, that support a clear understanding of how the trial court reached the determination of plaintiff's claim and defendant's counterclaim.
Accordingly, we remand this case to the district court for a new trial on plaintiff's claim for damages to the apartment and defendant's counterclaim for unhabitable premises. The district court's judgment should include specific findings of fact and conclusions of law based on both of these claims. If the court finds in favor of both claims, then an "offset" may be appropriate but should be specifically expressed in the judgment. We do not reach defendant's other assignments of error.
Remanded for new trial.
Judges McGEE and McCULLOUGH concur.
Report per Rule 30(e).