OSCAR JOE PEARSON AND WIFE, NORMA JEAN PEARSON v. ROBERT A. CHAMBERS AND WIFE, BETTY LANEY CHAMBERS; AND HARRY L. CHAMBERS AND WIFE, PHYLLIS COOK CHAMBERS

No. 7319SC266

(Filed 13 June 1973)

Deeds § 12; Easements § 2— conveyance of right-of-way — easement or fee

Where, immediately after the metes and bounds description of 37 acres conveyed by a deed, the deed stated, "Second Tract consisting of a right-of-way to the above tract, said right-of-way more specifically described as follows," and then followed a metes and bounds description of a strip of land 40 feet wide and 1358 feet long which runs across an adjoining tract thereafter conveyed by the grantor, it was *held* that the grantees acquired merely an easement over the 40-foot-wide strip and not fee title thereto.

APPEAL by defendants from *McConnell, Judge,* 4 December 1972 Session of Superior Court held in CABARRUS County.

Civil action involving interpretation of a deed, submitted on agreed statement of facts. Plaintiffs and defendants are owners of adjoining tracts of land which were conveyed to them by a common grantor. By deed dated and recorded 13 August 1969 in Deed Book 397, page 252, W. R. Mullis, widower, being then the owner of all of the lands involved in this controversy, conveyed to defendants, their heirs and assigns, certain real property in Cabarrus County described by metes and bounds and containing thirty-seven acres more or less. Immediately after the description of this property, the deed contained the following:

> "Second Tract consisting of a right-of-way to the above tract, said right-of-way more specifically described as follows:"

There then follows a metes and bounds description of a strip of land forty-feet wide and thirteen hundred fifty-eight feet long, which extends from along and adjoining the southern boundary of the thirty-seven-acre tract in a western direction to the west side of Hileman Mill Road.

By deed dated and recorded 8 January 1970 in Deed Book 400, page 645, W. R. Mullis conveyed to plaintiffs and their heirs a tract described by metes and bounds containing thirty acres, which tract adjoins the southern boundary of the thirty-seven-acre tract previously conveyed to defendants and includes within its boundary property over which Hileman Mill Road passes and the forty-foot-wide strip of land which extends from the southern boundary of defendants' property to Hileman Mill Road which was described in the earlier deed to defendants. This deed to plaintiffs is expressed to be "subject to the right-of-way of Hileman Mill Road, and also subject to a 30-foot (sic) right-of-way along the northern line of the above described property to provide access to the property lying in the rear."

Defendants erected a gate at Hileman Mill Road across the forty-foot-wide strip of land. Plaintiffs, contending they own the underlying fee title to said strip of land subject to defendants' right-of-way over the same, brought this action to require defendants to remove the gate and to enjoin defendants from interfering with the plaintiffs in the use of the forty-foot-wide strip.

Upon the agreed facts, the court entered judgment that plaintiffs are the owners in fee of the property described in Deed Book 400, page 645, and that defendants have a forty-foot-wide right-of-way over the same as described in Deed Book 397, page 252. The court ordered defendants to remove the gate which they had erected and to refrain from blocking the forty-foot-wide strip, or in the alternative to provide plaintiffs with a key to the gate. From this judgment, defendants appeal.

*Irvin & Irvin by Howard S. Irvin for plaintiff appellees.*

*Johnson & Jenkins by Cecil R. Jenkins, Jr., for defendant appellants.*

PARKER, Judge.

The question presented is whether defendants acquired fee title to the forty-foot-wide strip or acquired merely an easement over the same. Defendants contend they acquired fee title, that

the use of the term "right-of-way" as employed in the deed to them did not have the effect of limiting their estate to an easement but was merely descriptive of the use or purpose to which the forty-foot-wide strip of land was to be put, and that their deed having been first executed and recorded, the plaintiffs acquired no estate or interest whatsoever in the forty-foot-wide strip since the common grantor of the parties had already conveyed fee title in the same to the defendants. In support of their position defendants cite and rely upon the decision in *McCotter v. Barnes,* 247 N.C. 480, 101 S.E. 2d 330. That case, however, is distinguishable. The grantee in the deed involved in that case was a corporation engaged in construction of a railroad. The deed conveyed to the grantee,

> "its successors and assigns, a tract or parcel of land 100 feet in width to be cut out of the following described tract of land situated, lying and being in the county and State aforesaid and in No. 3 township adjoining the lands of C. A. Flowers, S. H. Muse and others, A right of way 100 feet wide (To be located by said party of the second part and when so located to become a part of this description) across the homestead tract. The said location to be through the southwest corner of said tract of land. There shall be no building other than for railroad use. The said tract hereby conveyed is to be 100 feet in width and to extend through the entire tract above described."

In discussing the language employed in that deed, the court pointed out that the term "right-of-way" has a two-fold meaning: "it may be used to designate an easement, and, apart from that, it may be used as descriptive of the use or purpose to which a strip of land is put." In holding that the grantee railroad obtained title in fee simple to the 100-foot-wide strip involved in that case, the Court laid stress on the fact that the grantee was a railroad company, pointing out that "[i]t is a matter of common knowledge that the strip of land over which railroad tracks run is often referred to as the 'right of way,' with the term being employed as merely descriptive of the purpose for which the property is used, without reference to the quality of the estate or interest the railroad company may have in the strip of land." In the present case no railroad or railroad "right-of-way" is involved. More importantly, it should be noted that the deed involved in *McCotter v. Barnes* **described** the property conveyed, in words appearing immediately after the granting clause, as "a tract or parcel of land 100 feet in

width," and later in the description referred to "[t]he said tract hereby conveyed." Applying the rule of construction that the granting clause will prevail in case of repugnancy, the Court held that the term "right-of-way" as used in the description in the deed involved in that case must yield to the granting clause which conveyed in fee. In the deed involved in the present case we find no such repugnancy.

In the deed with which we are here concerned, immediately after the granting clause appears a metes and bounds description of a tract of land containing thirty-seven acres. Clearly, fee title to this thirty-seven-acre tract was conveyed by the deed, and the granting clause can thereby be given full effect. Only following the description of the thirty-seven-acre tract does the language appear: "Second Tract consisting of a right-of-way to the above tract, said right-of-way more specifically described as follows: . . ." It is entirely consistent with the granting clause, which clearly conveyed the thirty-seven-acre tract in fee, to interpret the additional language following the description of the thirty-seven-acre tract as conveying merely an easement appurtenant to said tract. Such an interpretation gives effect to the more usual connotation of the term "right-of-way" as denoting an easement for passage over a described strip of land rather than as describing fee title to the strip. Certainly such an interpretation cannot be said to be irreconcilable with other portions of the deed which, by this interpretation, are still given full effect.

"In the interpretation of the provisions of a deed, the intention of the grantor must be gathered from the whole instrument and every part thereof given effect, unless it contains conflicting provisions which are irreconcilable, or a provision which is contrary to public policy or runs counter to some rule of law." Ellis v. Barnes, 231 N.C. 543, 57 S.E. 2d 772. Applying this rule of construction in the present case, we agree with the trial court's interpretation that the grantor in the deed to defendants, by using the term "right-of-way" in connection with the forty-foot-wide strip of land, intended to convey and did convey merely an easement over said strip to provide defendants, their heirs and assigns, access to and from the public road as an appurtenance to and for the benefit of the thirty-seven-acre tract which was conveyed to them in fee.

Judgment affirmed.

Judges CAMPBELL and MORRIS concur.