GENEVA CRAWFORD v. RAY WILSON AND WIFE, MARTHA WILSON, WILLIAM CAUBLE AND WIFE, JUANITA CAUBLE, STEVE WILSON AND WIFE, BEULAH WILSON, AND TERRY BUCKNER AND WIFE, DENISE BUCKNER

No. 7828SC1045

(Filed 18 September 1979)

Deeds § 12— conveyance of "right of way"—no fee simple conveyed

The deed upon which plaintiff's title was based conveyed an easement where the granting clause described it as a "right of way"; at the end of the description were the words "to be allowed as right of way to the highway"; the words "right of way" usually connote an easement; and G.S. 39-1 was inapplicable since it was plainly intended by the conveyance to convey an estate of less dignity than fee simple.

APPEAL by plaintiff from *Fountain, Judge.* Judgment entered 16 October 1978 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 23 August 1979.

This is a civil action which involves the interpretation of a deed. Charles Cauble, by deed recorded 10 November 1948, made a conveyance to Scott Boone. The granting clause said:

"[P]arty of the first part . . . do give, grant, bargain, sell, convey and confirm unto the said party of the second part, his heirs and assigns forever, all the following described real estate: Right of way. A certain piece, parcel or lot of land, situate, lying and being in Fairview Township, Buncombe and bounded and more particularly described as follows:

BEGINNING at at [sic] stake at the Charlotte Highway and runs N 50-1/2 E 23.6 poles with the Charles E. Cauble line to a stake; thence N 25-1/2 E 20 feet with the Cauble line; and 12 feet in width to be allowed as right of way to the highway."

Boone subsequently conveyed the twelve-foot strip and a larger parcel of land to George W. Crawford and wife, Geneva Crawford, and in 1968, George Crawford conveyed both parcels to Geneva Crawford.

Thereafter, Charles Cauble made other conveyances of the same right-of-way to all the defendants except Steve Wilson and his wife, Beulah Wilson.

---

Crawford v. Wilson

---

Several issues were raised by the pleadings. The parties stipulated that the determination of all issues would be continued except the question of what interest was conveyed by the deed recorded 10 November 1948, which issue was tried on an agreed statement of facts.

Upon the agreed statement of facts, the superior court concluded as a matter of law that plaintiff was the owner of an easement of right-of-way in the property described in the deed to Boone. From this judgment, plaintiff has appealed.

*Riddle and Shackelford, by John E. Shackelford, for plaintiff appellant.*

*Long, McClure, Parker, Hunt and Trull, by Jeff P. Hunt, for defendant appellees.*

WEBB, Judge.

We affirm the judgment of the superior court. Reading the deed as a whole and giving effect to all its parts as we are required to do, *Ellis v. Barnes*, 231 N.C. 543, 57 S.E. 2d 772 (1950) and *Strickland v. Jackson*, 259 N.C. 81, 130 S.E. 2d 22 (1963), we hold that the deed recorded 10 November 1948, on which the plaintiff's title is based, conveyed an easement. The granting clause described it as a "right of way." At the end of the description were the words "to be allowed as right of way to the highway." The words "right of way" usually connote an easement. *See Pearson v. Chambers*, 18 N.C. App. 403, 197 S.E. 2d 42 (1973). Giving effect to these words, we hold that the deed did not convey a fee simple interest to Scott Boone. For cases from other jurisdictions with a similar result, *see Parks v. Gates*, 186 Cal. 151, 199 P. 40 (1921); *Gulf Coast Water Co. v. Hamman Exploration Co.*, Tex. Civ. App., 160 S.W. 2d 92 (1942); *Tallman v. Eastern Illinois and Peoria R. Co.*, 379 Ill. 441, 41 N.E. 2d 537 (1942).

The appellant argues that G.S. 39-1 and *McCotter v. Barnes*, 247 N.C. 480, 101 S.E. 2d 330 (1958) require that we hold the deed conveyed a fee simple title to the property. G.S. 39-1 says:

When real estate is conveyed to any person, the same shall be held and construed to be a conveyance in fee, whether the word "heir" is used or not, unless such con-

veyance in plain and express words shows, or it is plainly intended by the conveyance or some part thereof, that the grantor meant to convey an estate of less dignity.

As to the application of this statute, we hold that for reasons stated in this opinion, it was plainly intended by the conveyance to convey an estate of less dignity than fee simple. *McCotter v. Barnes, supra,* dealt with a deed to a railroad company. The land was described as a right-of-way, and the Court held the deed conveyed a fee simple interest. The Court said the use of the term "right of way" was descriptive of the use to which the land was to be put and did not limit the quantum of land conveyed. *Pearson v. Chambers, supra,* interpreted *McCotter.* In that case, Judge Parker, writing for this Court, explained that land used by railroads is often denominated a right-of-way whatever title the railroad may own in the land. In *Pearson,* in which no railroad was involved, it was held that the use of the term right-of-way was descriptive of the interest conveyed. That reasoning is persuasive in the case sub judice.

Appellees have attempted to argue in their brief that the description in the deed is too vague to convey any interest to plaintiff. Appellees did not take any exception to the judgment of the superior court and have assigned no error. We do not consider their argument.

Affirmed.

Judges HEDRICK and MARTIN (Robert M.) concur.