CIRCLE J. FARM CENTER, INC. v. RICHARD E. FULCHER & WILLIAM E. FULCHER

No. 813DC785

(Filed 4 May 1982)

Courts § 14— dismissal of claim as exceeding $5,000 limitation of district court— no error

The district court did not err in granting defendant's motion to dismiss pursuant to Rule 12(b)(3) on the ground that the action was brought in the improper division since the amount sought to be recovered exceeded the $5,000 limitation of district court jurisdiction and, under G.S. 7A-243, the superior court is the proper division in which actions where the amount in controversy exceeds $5,000 should be brought, and since plaintiff did not move to transfer the action to superior court pursuant to G.S. 7A-258.

APPEAL by plaintiff from *Rountree, Judge.* Judgment entered 12 May 1981 in District Court, CRAVEN County. Heard in the Court of Appeals 30 March 1982.

Plaintiff's complaint contained allegations that defendants were indebted to plaintiff on a note for $13,640, plus interest from 10 March 1977; that defendant Richard Fulcher owed plaintiff $2,377.21, plus interest for merchandise sold and delivered; that plaintiff had demanded payment but defendants had refused to pay. Plaintiff prayed for recovery of $13,640, plus interest from defendants jointly and severally, and $2,377.21, plus interest from defendant Richard Fulcher.

Defendant William Fulcher moved to dismiss the complaint pursuant to Rule 12(b)(3) on the ground that the action was brought in the improper division since the amount sought to be recovered exceeded the $5,000 limitation of district court jurisdiction. From the granting of the motion to dismiss, plaintiff appeals.

*Bowers & Sledge by Robert G. Bowers and E. Lamar Sledge for plaintiff appellant.*

*Ernest C. Richardson, III, for defendant appellee William Fulcher.*

CLARK, Judge.

Plaintiff assigns as error the trial court's granting of the motion to dismiss and argues that the proper procedure would have been to transfer the action to superior court pursuant to G.S. 7A-258.

It is clear that the superior court is the proper division in which this action should have been brought since the amount in controversy exceeds $5,000. G.S. 7A-243. It is fairly common practice for an attorney to institute an action in district court, although not the proper division, in order to schedule an earlier trial date than would be available on the superior court calendar. This practice is allowed since original civil jurisdiction is vested concurrently in both divisions and since a judgment is not void or voidable solely because it was rendered in the improper trial division. G.S. 7A-240 and 7A-242; *Stanback v. Stanback,* 287 N.C. 448, 215 S.E. 2d 30 (1975). In the absence of a proper objection, an action begun in the wrong division may continue in that division to its conclusion.

However, in the case *sub judice,* defendant William Fulcher objected to the institution of the action in district court. While

the better procedure might have been to move to transfer the action to superior court pursuant to G.S. 7A-258, a motion to dismiss for improper division is also specifically authorized by Rule 12(b)(3) which provides for dismissal for "Improper venue or division." After defendant's motion to dismiss was filed, plaintiff's remedy was to move to transfer the action to superior court pursuant to G.S. 7A-258. Plaintiff did not make such a motion, but merely filed a response in opposition to defendant's motion to dismiss. Even after the action was dismissed, plaintiff could have filed another action in superior court since the dismissal was necessarily without prejudice. Instead of choosing either of these courses of action, plaintiff elected to proceed with an appeal to this Court. We view this appeal with disapproval since plaintiff did not elect to pursue the other remedies available to it, each of which would have brought this action to an earlier resolution than does the appeal process.

Defendant clearly had the right to object to the institution of the action in district court rather than superior court. We hold that the trial court did not err in granting defendant's motion to dismiss pursuant to Rule 12(b)(3).

Affirmed.

Judges ARNOLD and WEBB concur.