An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored but may be permitted in accordance with the provisions of Rule 30(e)(3) of the *North Carolina Rules of Appellate Procedure*.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-63

Filed 6 August 2025

Wake County, No. 23 CVS 008762-910

MARK P. BOONE, JOANNE R. BOONE, Plaintiffs,

v.

LISA D. GREEN, AND TERRELL J. GREEN, Defendants.

Appeal by Plaintiffs from order entered 17 August 2023 by Judge Claire V. Hill in Wake County Superior Court. Heard in the Court of Appeals 11 June 2024.

> *Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., by Attorneys Charles E. Coble and William A. Robertson, for plaintiffs-appellants.*

> *Law Offices of F. Bryan Brice, Jr., by Attorney F. Bryan Brice, Jr., for defendants-appellees.*

STADING, Judge.

Mark and Joanne Boone ("Plaintiffs") appeal from an order granting Lisa and Terrell Green's ("Defendants") motions to dismiss for lack of subject matter jurisdiction and failure to state a claim. *See* N.C. Gen. Stat. § 1A-1, Rules 12(b)(1), (6) (2023). After careful review, we affirm in part, vacate in part, and remand.

## I. Background

Plaintiffs have owned the real property located at 4100 Ebenezer Church Road

since 15 February 1994. Defendants acquired a neighboring property in 2017. Soon after, Defendants began planning the construction of a single-family residence, including a driveway.

The planned construction called for the driveway to connect to the centerline of Ebenezer Church Road. Defendants worked with a professional builder, an architect, and a surveyor in an effort to comply with municipal regulations. Before the commencement of the driveway's construction, the North Carolina Department of Transportation (the "NCDOT") "approved Defendants' encroachment into the Ebenezer Church Road right-of-way . . . ." (the "right-of-way"). The City of Raleigh issued a driveway permit to Defendants in February 2021. Construction of the residence and driveway was completed on 17 March 2022, and Defendants moved into their residence.

On 17 April 2023, Plaintiffs filed a complaint against Defendants alleging claims for trespass and nuisance. In their complaint, citing N.C. Gen. Stat. § 160A-299(c) (2023), Plaintiffs asserted they "acquired title to the centerline of Ebenezer Church Road upon the closure of Blake's Mill Road . . . ." Plaintiffs alleged Defendants trespassed by constructing "a driveway, mailbox, and plac[ing] rip rap" on the centerline of the right-of-way without Plaintiffs' permission, causing "actual damages." Critical to this appeal, the deed to Plaintiffs' property provides:

> BEGINNING at an existing p. k. nail in the centerline of Ebenezer church Road where it intersects with the centerline of Richland Creek as shown on Exhibit A

attached hereto, which said p. k. nail is also the southwest corner of Lot 6 of Kent Hundred Subdivision as recorded in Book of Maps 1978, Page 171, Wake County Registry; runs thence from the beginning point as the centerline of Richland creek in an easterly direction (the actual property line is Richland creek) on reference line as follows: North 67 degrees, 06 minutes, 43 seconds East 274.80 feet; South 34 degrees, 21 minutes, 30 seconds East 78.84 feet; thence north 88 degrees, 22 minutes, 20 seconds East 65.42 feet; and North 79 degrees, 30 minutes East 69.05 feet; thence from the centerline of Richland Creek South 02 degrees, 01 minutes, 10 seconds West 644 feet to an existing p. k. nail in the centerline of Ebenezer church Road; thence as the centerline of Ebenezer Church Road North 38 degrees, 07 minutes west, 665 feet to the point and place of BEGINNING. For further reference, see Exhibit A attached hereto and made part hereof.
. . . .
Title to the property hereinabove described is subject to the following exceptions:
1) 1994 ad valorem taxes.
2) Easements and restrictions of record in Wake County Registry and also as shown on plat hereinbefore referred to.
3) That portion of the subject property lying within the right-of-way of Ebenezer Church Road and Old Blake's Mill Road as shown on plat hereinbefore referred to.

Plaintiffs' complaint alleged Defendants' driveway failed to comply with the standards of NCDOT. It also alleged a claim of nuisance since the driveway "interfered with Plaintiffs' use and enjoyment of their property . . . ."

Defendants answered, asserted multiple defenses, and moved to dismiss Plaintiffs' claims for lack of subject matter jurisdiction and for failure to state a claim. *See* N.C. Gen. Stat. § 1A-1, R. 12(b)(1), (6). On 22 August 2023, the trial court entered an order granting Defendants' motions and dismissing Plaintiffs' complaint with

prejudice. Plaintiffs entered their notice of appeal.

## II. Jurisdiction

This Court has jurisdiction over Plaintiffs' appeal under N.C. Gen. Stat. § 7A-27(b)(1) (2023) ("From any final judgment of a superior court . . . .").

## III. Analysis

Plaintiffs submit several issues for our consideration: (1) whether the trial court committed error by granting Defendants' Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction; (2) whether the trial court committed error by granting Defendants' Rule 12(b)(6) motion to dismiss for failure to state a claim; and (3) whether the trial court abused its discretion by dismissing Plaintiffs' complaint with prejudice.

This court "appl[ies] a *de novo* standard when reviewing either a Rule 12(b)(1) or 12(b)(6) dismissal . . . ." *Holton v. Holton*, 258 N.C. App. 408, 414, 813 S.E.2d 649, 654 (2018). "Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *Lynn v. Fannie Mae*, 235 N.C. App. 77, 81, 760 S.E.2d 372, 375 (2014) (citation omitted). "In undertaking this review, the allegations contained in the complaint are presumed to be true, and these assertions along with the supporting record [are viewed] in the light most favorable to the non-moving party . . . ." *Soc'y for the Hist. Pres. of the Twenty-Sixth N.C. Troops, Inc. v. City of Asheville*, 385 N.C. 744, 748, 898 S.E.2d 760, 763 (2024) (citation omitted) (brackets in original).

### A. 12(b)(1) – Subject Matter Jurisdiction

Plaintiffs submit the trial court committed error by granting Defendants' Rule 12(b)(1) motion because omission of an amount in controversy does not support dismissal and Plaintiffs suffered an injury sufficient to confer standing. The trial court did not specify a reason for ordering dismissal under Rule 12(b)(1). At trial, Defendants argued Plaintiffs failed to satisfy the requisite amount in controversy to bring their claim in the superior court division. They also claimed Plaintiffs lacked standing.

### 1. *Amount in Controversy*

A trial court's "original general jurisdiction" over civil cases is concurrently vested "in the superior court division and the district court division as the trial divisions of the General Court of Justice." N.C. Gen. Stat. § 7A-240 (2023) ("Original civil jurisdiction generally"); *see also Stanback v. Stanback*, 287 N.C. 448, 457, 215 S.E.2d 30, 36–37 (1975). The "proper division" to hear a civil case is based on the amount in controversy:

> [T]he district court division is the proper division for the trial of all civil actions in which the amount in controversy is twenty-five thousand dollars ($25,000) or less; and the superior court division is the proper division for the trial of all civil actions in which the amount in controversy exceeds twenty-five thousand dollars ($25,000).

N.C. Gen. Stat. § 7A-243 (2023). That said, filing in the improper division does not "deprive the court in which the action is filed of subject-matter jurisdiction" unless

there is a "statutory provision giving one or the other . . . exclusive jurisdiction over a particular type of claim . . . ." *4U Homes & Sales, Inc. v. McCoy*, 235 N.C. App. 427, 433, 762 S.E.2d 308, 312 (2014) (citation omitted). If a party brings a civil case before the improper division, the other party may move to transfer the action to the proper division pursuant to N.C. Gen. Stat. § 7A-258 (2023) or may move for dismissal pursuant to N.C. Gen. Stat. § 1A-1, R. 12(b)(3), which provides for dismissal for "[i]mproper venue or division." *Circle J. Farm Ctr., Inc. v. Fulcher*, 57 N.C. App. 206, 208, 290 S.E.2d 798, 799 (1982).

Here, Defendants do not argue that there is a statutory provision giving one division or the other exclusive jurisdiction over the nuisance or trespass claims filed. Accordingly, even if this action was filed improper division, this did not deprive the trial court of subject matter jurisdiction. Furthermore, Rule 12(b)(3) is the applicable basis for the dismissal of cases for improper division. *See* N.C. Gen. Stat. § 1A-1, R. 12(b)(3) ("Improper venue or division"). A dismissal under Rule 12(b)(3) does not implicate subject matter jurisdiction. Accordingly, we hold the trial court committed error to the extent it granted Defendant's Rule 12(b)(1) motion based on an insufficient amount in controversy. *4U Homes & Sales*, 235 N.C. App. at 433, 762 S.E.2d at 312.

## 2. *Standing*

Plaintiffs next contend that the trial court committed error by granting Defendants' Rule 12(b)(1) motion since they had standing to bring their trespass and

nuisance claims.

Standing "means simply that the party has a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy." *Town of Ayden v. Town of Winterville*, 143 N.C. App. 136, 140, 544 S.E.2d 821, 824 (2001) (citation omitted); *Comm. to Elect Forest v. Emps. PAC*, 376 N.C. 558, 608, 853 S.E.2d 698, 733 (2021) (citations and quotation marks omitted). "Standing concerns the trial court's subject matter jurisdiction and is therefore properly challenged by a Rule 12(b)(1) motion to dismiss." *WLAE, LLC v. Edwards*, 257 N.C. App. 251, 258, 809 S.E.2d 176, 181 (2017) (citations omitted); *Soc'y for the Hist. Pres. of the Twenty-Sixth N.C. Troops*, 385 N.C. at 748, 898 S.E.2d at 763 (internal citation and quotation marks omitted). "If a party does not have standing to bring a claim, a court has no subject matter jurisdiction to hear the claim." *Est. of Apple v. Commercial Courier Express Inc.*, 168 N.C. App. 175, 177, 607 S.E.2d 14, 16 (2005). "An appellate court considering a challenge to a trial court's decision to grant or deny a motion to dismiss for lack of subject[-]matter jurisdiction may consider information outside the scope of the pleadings in addition to the allegations set out in the complaint." *Pugh v. Howard*, 288 N.C. App. 576, 580, 887 S.E.2d 734, 738 (2023) (citation omitted) (brackets in original); *Fuller v. Easley*, 145 N.C. App. 391, 395, 553 S.E.2d 43, 46 (2001).

"As a general matter, the North Carolina Constitution confers standing on those who suffer harm." *United Daughters of the Confederacy v. City of Winston-*

*Salem*, 383 N.C. 612, 625, 881 S.E.2d 32, 44 (2022) (citation omitted); N.C. Const. art. I, § 18 (providing that "every person for an injury done to him in his lands, goods, person, or reputation shall have remedy by due course of law . . . ."). Unlike its federal counterpart, the North Carolina Constitution "does not require the existence of an 'injury-in-fact' to establish standing." *United Daughters*, 383 N.C. at 626, 881 S.E.2d at 44 (citation omitted). Rather, "[w]hen a person alleges the infringement of a legal right directly under a cause of action at common law, a statute, or the North Carolina Constitution . . . the legal injury itself gives rise to standing." *Id.* (brackets and ellipses in original) (quoting *Comm. to Elect Dan Forest*, 376 N.C. at 608, 853 S.E.2d at 733).

### a. Nuisance

Plaintiffs have standing to sue for their nuisance claim by "alleg[ing] the infringement of a legal right directly under a cause of action at common law . . . ." *United Daughters*, 383 N.C. at 626, 881 S.E.2d at 44 (citation omitted). With respect to private nuisance, our common law creates a cause of action when there is "a substantial non-trespassory invasion of another's interest in the private use and enjoyment of property." *Watts v. Pama Mfg. Co.*, 256 N.C. 611, 617, 124 S.E.2d 809, 813–14 (1962); *see also Evans v. Lochmere Recreation Club, Inc.*, 176 N.C. App. 724, 727, 627 S.E.2d 340, 342 (2006) (citation omitted) (A "private nuisance exists in a legal sense when one makes an improper use of his own property and in that way injures the land or some incorporeal right of one's neighbor."). Viewing the

allegations in the light most favorable Plaintiffs as the the non-moving party, Plaintiffs nuisance claim alleged they suffered unreasonable interference in the use and enjoyment of their property, notwithstanding any property interest contentions in the right-of-way. Plaintiffs therefore have standing to sue for their nuisance claim in the instant case. The trial court therefore erred to the extent it granted Defendants' Rule 12(b)(1) motion with respect to the nuisance claim.[1]

### b. *Trespass*

With respect to their trespass claim, Plaintiffs maintain they have standing since they have an ownership interest in the right-of-way. Plaintiffs contend their complaint sufficiently demonstrates standing based on the closure of Blake's Mill Road; yet Plaintiffs' complaint does not demonstrate such an ownership interest. *See United Daughters*, 383 N.C. at 630, 881 S.E.2d at 47. In fact, the language of the deed expressly provides Plaintiffs' title is subject to several exceptions, including the portion of the property lying within the right-of-way:

> Title to the property hereinabove described is subject to the following exceptions:
>
> . . . .
>
> 2) Easements and restrictions of record in Wake County Registry and also as shown on plat hereinbefore referred to.
>
> 3) That portion of the subject property lying within the

---

[1] The trial court's order does not state whether it granted Defendants' 12(b)(1) motion for failure to allege an amount in controversy or standing.

right-of-way of Ebenezer Church Road and Old Blake's Mill
Road as shown on plat hereinbefore referred to.

Plaintiffs argue "[t]he words right-of-way usually connote an easement." *Crawford v. Wilson*, 43 N.C. App. 69, 70, 257 S.E.2d 696, 697 (1979). But in *Pearson v. Chambers*, our Court determined "the term right-of-way has a two-fold meaning: it may be used to designate an easement, and, apart from that, it may be used as descriptive of the use or purpose to which a strip of land is put." 18 N.C. App. 403, 405, 197 S.E.2d 42, 43 (1973).

Here, the deed provides title to Plaintiffs' real property is subject to two relevant exceptions: (1) "Easements . . . of record"; and (2) "That portion of the subject property lying within the right-of-way of Ebenezer Church Road and Old Blake's Mill Road . . . ." Given that the deed specifically described easements of record in a separate category of exception, it follows that the phrase "right-of-way" in this instance does not "connote an easement." *Crawford*, 43 N.C. App. at 70, 257 S.E.2d at 697; *see also Pearson*, 18 N.C. App. at 405, 197 S.E.2d at 43 (quotation marks omitted) ("[T]he term right-of-way has a two-fold meaning: it may be used to designate an easement, and, apart from that, it may be used as descriptive of the use or purpose to which a strip of land is put."). Rather, it appears to be "descriptive of the use or purpose to which a strip of land is put"—that being, a public road. *Pearson*, 18 N.C. App. at 405, 197 S.E.2d at 43; *see also McCotter v. Barnes*, 247 N.C. 480, 485, 101 S.E.2d 330, 334-35 (1958) ("It is a matter of common knowledge that the strip of

land over which railroad tracks run is often referred to as the right of way, with the term being employed as merely descriptive of the purpose for which the property is used, without reference to the quality of the estate or interest the railroad company may have in the strip of land.").

Plaintiffs lack standing to sue under a theory of trespass since they do not have an ownership interest in the subject property. *See Comm. to Elect Forest*, 376 N.C. at 608, 853 S.E.2d at 733 ("When a person alleges the infringement of a legal right arising under a cause of action at common law, a statute, or the North Carolina Constitution, however, the legal injury itself gives rise to standing."); *see also Farrington v. WV Invs., LLC*, 296 N.C. App. 324, 330, 909 S.E.2d 495, 500 (2024) (citation omitted) ("A plaintiff must prove three elements to establish a claim for real-property trespass: '(1) that the defendant caused actual damage to the plaintiff, (2) by entering the plaintiff's real property without authorization, (3) which the plaintiff contemporaneously possessed at the time of the alleged trespass.'").

### c. *Trial Court's Ruling*

We hold the trial court committed error by granting Defendants' Rule 12(b)(1) motion since Plaintiffs had standing to sue under the theory of private nuisance. *Comm. to Elect Forest*, 376 N.C. at 608, 853 S.E.2d at 733. We vacate this portion of the order. However, the trial court did not commit error by granting Defendants' dismissal of Plaintiffs' trespass claim. *Id.* We thus affirm the trial court's granting of Defendant's Rule 12(b)(1) motion as to Plaintiff's trespass claim.

## B.  12(b)(6)—Failure to State a Claim

Plaintiffs submit that the trial court erred in granting Defendants' Rule 12(b)(6) motion because: (1) the complaint sufficiently stated a claim for trespass; (2) the complaint sufficiently stated a claim for nuisance; and (3) the trial court "improperly relied upon matters well outside of the pleadings . . . ."

"[T]he review of an order granting a Rule 12(b)(6) motion to dismiss does not involve an assessment or review of the trial court's reasoning." *Taylor v. Bank of Am., N.A.,* 382 N.C. 677, 679, 878 S.E.2d 798, 800 (2022).  Instead, "the appellate court affirms or reverses the disposition of the trial court—the granting of the Rule 12(b)(6) motion to dismiss—based on the appellate court's review of whether the allegations of the complaint are sufficient to state a claim." *Id.*  To state a sufficient claim for relief under North Carolina law, a pleading shall contain:

> (1)    A short and plain statement of the claim sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved showing that the pleader is entitled to relief, and
>
> (2)    A demand for judgment for the relief to which he deems himself entitled. . . .

N.C. Gen. Stat. § 1A-1, Rule 8(a)(1)–(2).  Rule 8(a)(1)'s "notice theory" of pleading requires the complaint to provide:

> sufficient notice of the events or transactions which produced the claim to enable the adverse party to understand the nature of it and the basis for it, to file a responsive pleading, and—by using the rules provided for

obtaining pretrial discovery—to get any additional information he may need to prepare for trial.

*Sutton v. Duke*, 277 N.C. 94, 104, 176 S.E.2d 161, 167 (1970).

Despite the generous latitude of our notice pleading standard, a complaint "must nonetheless state enough to give the substantive elements of at least some legally recognized claim or it is subject to dismissal under Rule 12(b)(6)." *Hayes v. Peters*, 184 N.C. App. 285, 287, 645 S.E.2d 846, 847 (2007) (citation omitted). The trial court's dismissal under Rule 12(b)(6) is proper if: "(1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim." *Wood v. Guilford Cty.*, 355 N.C. 161, 166, 558 S.E.2d 490, 494 (2002) (citation omitted).

In conducting our review, "we accept all the well-pleaded facts, not conclusions of law, as true." *Privette v. Univ. of N.C.*, 96 N.C. App. 124, 132, 385 S.E.2d 185, 189 (1989) (citation omitted). This Court is not "required to accept mere conclusory allegations, unwarranted deductions of fact, or unreasonable inferences as true." *Est. of Vaughn v. Pike Elec., LLC*, 230 N.C. App. 485, 493, 751 S.E.2d 227, 233 (2013) (citations omitted).

### *1. Trespass*

Since we affirm the trial court's Rule 12(b)(1) dismissal of Plaintiffs' trespass claim, we hold that the trial court committed error by also dismissing this claim under

Rule 12(b)(6). *See United Daughters*, 383 N.C. at 650, 881 S.E.2d at 60 (internal citations omitted) ("Thus, since the trial court lacked subject matter jurisdiction over plaintiff's claims, the amended complaint was properly dismissed pursuant to Rule 12(b)(1). In view of the fact that the trial lacked jurisdiction over the subject matter of plaintiff's claims, the trial court erred by also dismissing the amended complaint for failure to state a claim for which relief could be granted pursuant to Rule 12(b)(6), with the Court of Appeals having erred as well by affirming the trial court's decision with respect to that issue.").

### 2. Nuisance

Plaintiffs first contend that the trial court erred by granting Defendants' Rule 12(b)(6) motion to dismiss for failure to state a claim for nuisance.

"[T]o establish a claim for nuisance, a plaintiff must show the existence of a substantial and unreasonable interference with the use and enjoyment of its property." *Shadow Group v. Heather Hills Home Owners Ass'n*, 156 N.C. App. 197, 200, 579 S.E.2d 285, 287 (2003); *see also Elliott v. Muehlbach*, 173 N.C. App. 709, 712, 620 S.E.2d 266, 269 (2005) ("[I]n order to establish a *prima facie* case of nuisance *per accidens*, a plaintiff must prove: (1) that the defendant's use of its property, under the circumstances, unreasonably invaded or interfered with the plaintiff's use and enjoyment of the plaintiff's property; and (2) because of the unreasonable invasion or interference, the plaintiff suffered substantial injury."). An "interference is substantial when it results in significant annoyance, material physical discomfort or

injury to a person's health or property. A slight inconvenience or a petty annoyance is not a substantial interference." *Shadow Group*, 156 N.C. App. at 200, 579 S.E.2d at 287 (citation omitted).

Here, Plaintiffs' complaint included the necessary facts sufficient to support a claim of nuisance. *See Hayes*, 184 N.C. App. at 287, 645 S.E.2d at 847. In their complaint, Plaintiffs alleged that "Defendants substantially interfered with Plaintiffs' use and enjoyment of their property by constructing a driveway dangerously close to the Defendants' property resulting in material, unreasonable discomfort or injury to Plaintiffs' health and property." The complaint also provided that this "substantial interference is unreasonable such that a person of ordinary prudence and discretion would consider it excessive or inappropriate." And because of the alleged nuisance, Plaintiffs' complaint requested "damages in an amount to be proven at trial" as well as a "permanent and mandatory injunction . . . ."

Plaintiffs thus "have some knowledge of specific facts as to when the alleged" nuisance occurred, and the relief thereafter sought. *Smith v. Charlotte*, 79 N.C. App. 517, 529–30, 339 S.E.2d 844, 852 (1986). Moreover, their complaint provides "sufficient notice of the events or transactions which produced the claim to enable the adverse party to understand the nature of it and the basis for it, to file a responsive pleading, and . . . to get any additional information he may need to prepare for trial." *Sutton*, 277 N.C. at 104, 176 S.E.2d at 167. For these reasons, we hold that the trial court erroneously granted Defendants' Rule 12(b)(6) motion on Plaintiffs' nuisance

claim. *See* N.C. Gen. Stat. § 1A-1, R. 8.

### 3. Matters Outside the Pleading

Plaintiffs next contend that the trial court erred by granting Defendants' Rule 12(b)(6) motion because it "improperly relied upon matters well outside the pleadings . . . ." In essence, Plaintiffs argue that since the trial court considered evidence outside the complaint, it impermissibly converted the Rule 12(b)(6) motion into a Rule 56 motion for summary judgment.

"Whether a Rule 12(b)(6) motion has been converted to a Rule 56 motion is a question of law subject to *de novo* review." *Blue v. Bhiro*, 381 N.C. 1, 5, 871 S.E.2d 691, 694 (2022) (citations omitted). "As a general proposition, [ ] matters outside the complaint are not germane to a Rule 12(b)(6) motion." *Weaver v. Saint Joseph of the Pines, Inc.*, 187 N.C. App. 198, 203, 652 S.E.2d 701, 707 (2007). "[W]hen considering a Rule 12(b)(6) motion, the trial court is limited to reviewing the allegations made in the complaint." *Blue*, 381 N.C. at 5, 871 S.E.2d at 694.

Rule 12(b) provides:

> If, on a motion . . . to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56[.]

N.C. Gen. Stat. § 1A-1, Rule 12(b) (2023). "The phrase 'matters outside the pleading' refers to evidentiary materials used to establish facts." *Blue*, 381 N.C. at 6, 871 S.E.2d at 695 (citation omitted). "[M]emoranda of points and authorities as well as

briefs and oral arguments . . . are not considered matters outside the pleading." *Id.* (citation omitted) (ellipses in original).

"[W]hen ruling on a Rule 12(b)(6) motion, a court may properly consider documents which are the subject of a plaintiff's complaint and to which the complaint specifically refers even though they are presented by the defendant." *Holton*, 258 N.C. App. at 419, 813 S.E.2d at 657. "A document attached to and incorporated within a complaint is not considered a matter outside of the pleading." *Id.* at 418, 813 S.E.2d at 657. In addition, a trial court may take judicial notice of "important public documents." *State ex rel. Utilities Comm'n v. S. Bell Tel. & Tel. Co.*, 289 N.C. 286, 287, 221 S.E.2d 322, 323–24 (1976) (citation omitted).

Plaintiffs contend that the trial court erred as follows: (1) considering the arguments of Defendants' counsel at the hearing because they concerned matters outside the pleading; (2) considering Defendants' driveway permit because it was not included or referenced in the complaint; and (3) considering a different survey from that attached to the complaint.

In ruling on Defendants' Rule 12(b)(6) motion, the trial court's order reflects that it reviewed the complaint and the arguments of counsel at the hearing. Nothing in its order reflects that the trial court viewed evidence outside the complaint, considered Defendants' driveway permit, or considered the additional survey map. At the hearing, counsel for Defendants argued about the permit and the survey map, but "oral arguments . . . are not considered matters outside the pleading." *Blue*, 381

N.C. at 6, 871 S.E.2d at 695 (citation omitted); *see also Steele v. Bowden*, 238 N.C. App. 566, 573, 768 S.E.2d 47, 54 (2014) (citation omitted and brackets in original) ("[I]n the event that the matters outside the pleading considered by the trial court consist only of briefs and arguments of counsel, the trial court need not convert the [motion] into one for summary judgment."). The trial court did not consider matters outside the pleading. Plaintiffs' argument is thus overruled.

## C. Dismissal With Prejudice

Plaintiffs' final submission is that the trial court abused its discretion by dismissing the matter with prejudice.

"The trial court's authority to order an involuntary dismissal without prejudice is . . . exercised in the broad discretion of the trial court[,] and the ruling will not be disturbed on appeal in the absence of a showing of abuse of discretion." *Whedon v. Whedon*, 313 N.C. 200, 213, 328 S.E.2d 437, 445 (1985). "Abuse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *First Fed. Bank v. Aldridge*, 230 N.C. App. 187, 191, 749 S.E.2d 289, 292 (2013) (citation omitted).

"[D]ismissals, including those under Rule 12(b)(6), operate as an adjudication upon the merits unless the trial court specifies the dismissal is without prejudice." *Johnson v. Bollinger*, 86 N.C. App. 1, 8, 356 S.E.2d 378, 383 (1987); *see also* N.C. Gen. Stat. § 1A-1, Rule 41(b) ("Involuntary dismissal; effect thereof."). "A dismissal with prejudice is the converse of a dismissal without prejudice and indicates a disposition

on the merits. It is said to preclude subsequent litigation to the same extent as if the action had been prosecuted to a final adjudication adverse to the plaintiff." *Johnson*, 86 N.C. App. at 8, 356 S.E.2d at 383 (citation omitted). "[T]he party whose claim is being dismissed has the burden to convince the court that the party deserves a second chance; thus, the party should move the trial court that the dismissal be without prejudice." *Id.* at 9, 356 S.E.2d at 383; *see also Whedon,* 313 N.C. at 213, 328 S.E.2d at 445.

"Although the practical consequence of dismissal of a complaint under Rule 12(b)(6) or 12(b)(1) is the same—the case is dismissed—the legal effect is quite different." *United Daughters*, 383 N.C. at 650, 881 S.E.2d at 60 (citation omitted). Where "a complaint is dismissed for failure to state a claim, that decision constitutes a final judgment on the merits for res judicata purposes and bars the plaintiff from maintaining another action on the basis of this same claim." *Id.* (citations omitted). But if "a complaint is dismissed for lack of subject matter jurisdiction, that decision does *not* result in a final judgment on the merits and does not bar further action by the plaintiff on the same claim." *Id.* (citations omitted).

Here, the trial court properly granted dismissal of Plaintiffs' trespass claim on Rule 12(b)(1) grounds for lack of subject matter jurisdiction; accordingly, its dismissal of that claim should have been entered without prejudice. *See id.* (vacating "the portion of the trial court's order dismissing the amended complaint with prejudice and remand[ing] this case . . . with instructions to dismiss the amended

complaint *without*, rather than with, prejudice"); *see also Pugh*, 288 N.C. App. at 588, 887 S.E.2d at 744 ("[W]hen a trial court determines that it lacks subject-matter jurisdiction over a matter because of the plaintiff's failure to establish standing, the court may not dismiss the matter with prejudice pursuant to Rule 12(b)(6)."). Moreover, in light of our holdings above, the dismissal of Plaintiffs' claims with prejudice was improper and amounted to an abuse of discretion. As a result, "we vacate the portion of the trial court's order dismissing the . . . complaint with prejudice and remand this case to [the trial court], with instructions to dismiss the . . . complaint *without*, rather than with, prejudice." *Pugh*, 288 N.C. App. at 588–89, 887 S.E.2d at 744.

## IV. Conclusion

After careful review, we hold the trial court committed error by granting Defendants' Rule 12(b)(1) motion to dismiss based on a lack of amount in controversy. We also hold that the trial court erred by dismissing Plaintiffs' nuisance action for lack of standing under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6). In turn, the trial court erred in dismissing Plaintiffs' nuisance and trespass claims with prejudice. But the trial court did not err in granting Defendants' motion to dismiss for lack of standing concerning Plaintiffs' trespass claim and it did not improperly consider matters outside the pleading. We therefore affirm the trial court's dismissal of Plaintiffs trespass claim, but vacate any dismissal with prejudice; we vacate and remand the trial court's dismissal of Plaintiffs nuisance claim for

further proceedings consistent with this opinion.


AFFIRMED IN PART, VACATED IN PART, AND REMANDED.

Judges STROUD and COLLINS concur.

Report per Rule 30(e).